AMY M. KARLIN (Bar No. 150016)
Interim Federal Public Defender
BRIANNA MIRCHEFF (Bar No. 243641)
(E-Mail: Brianna_Mircheff@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-4784
Facsimile: (213) 894-0081

Attorneys for Defendant
SCOTT DOUGLAS CUTTING

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>SCOTT DOUGLAS CUTTING,<br><br>  Defendant. | Case No. CR 16-198-GW<br><br>**EMERGENCY EX PARTE APPLICATION FOR ORDER REGARDING COMPLIANCE WITH TERMINAL ILLNESS REQUIREMENTS OF 18 U.S.C. § 3582(c)(2)** |

The Office of the Federal Public Defender, by and through Deputy Federal Public Defender Brianna Mircheff, hereby moves this Honorable Court for an Order requiring that the Plaintiff has complied with its obligations under 18 U.S.C. § 3582(d). This request is based on the attached declaration of counsel.

                                    Respectfully submitted,

                                    AMY M. KARLIN
                                    Interim Federal Public Defender

DATED: May 1, 2020        By  */s/ Brianna Mircheff*
                                    BRIANNA FULLER MIRCHEFF
                                    Deputy Federal Public Defender
                                    Attorney for SCOTT DOUGLAS CUTTING

**MEMORANDUM OF POINTS AND AUTHORITIES**

Section 3582(c)(2) provides this Court with authority to modify a sentence, once imposed, if the Court finds that extraordinary and compelling reasons to do so. In connection with that provision, the statute provides certain procedural protections that apply in the case of a terminal illness. Section 3582(d) states:

(d) Notification Requirements.—

    (1) Terminal illness defined.—

    In this subsection, the term "terminal illness" means a disease or condition with an end-of-life trajectory.

    (2) Notification.—The Bureau of Prisons shall, subject to any applicable confidentiality requirements—

        (A) in the case of a defendant diagnosed with a terminal illness—

            (i) not later than 72 hours after the diagnosis notify the defendant's attorney, partner, and family members of the defendant's condition and inform the defendant's attorney, partner, and family members that they may prepare and submit on the defendant's behalf a request for a sentence reduction pursuant to subsection (c)(1)(A);

            (ii) not later than 7 days after the date of the diagnosis, provide the defendant's partner and family members (including extended family) with an opportunity to visit the defendant in person;

Mr. Cutting is serving a 26-month sentence for a tax-related offense. He was designated to serve his sentence at FCI Terminal Island. Mr. Cutting tested positive for COVID-19 on April 14th. (Decl. ¶ 3.)

In the meantime, according to Mr. Cutting's daughter, Mr. Cutting's family has

2

received three contacts in the last two days: Mr. Cutting's daughter, Tiffany, informed me that her brother received a call Wednesday from a BOP staff member who told him that their father was intubated. (Decl ¶ 2(a).) Later, her brother received a call from a doctor who told her brother that their father was dying and that he needed to sign a "DNR" right away. (Decl. ¶ 2(b).) Thursday, a BOP staff member called her and said that her father was in the hospital and was "not doing well," but that she couldn't tell him anything more. (Decl. ¶ 2(c).) She told me that all other requests for updates have not been returned.

My office, through Trial Chief David Sutton, emailed BOP legal counsel, who have not yet responded to his request. In the meantime, last night, a BOP attorney told prosecutors that Mr. Cutting was "in isolation because he is showing symptoms of COVID-19." They were told that the results of the COVID-19 test administered on April 14, 2020, were "still pending" sixteen days later.

FCI Terminal Island currently has 600 cases--of a population of 1055 inmates. There have also been five inmate deaths, including three just yesterday. Richard Winton, *Coronavirus outbreak at Terminal Island prison worsens: 5 dead, 600 infected,* L.A. Times (Apr. 30, 2020).[1] The media has reported that, in one case, the first news the family member received from the BOP at all was from a chaplain asking whether his father should be cremated. Michael Balsamo, *Over 70% of tested inmates in federal prison have COVID-19*, A.P. News (Apr. 29, 2020).[2] A BOP spokesperson said that the agency has "discretion when making notifications." *Id.* The First Step Act was amended to exclude just outcomes.

---

[1] https://www.latimes.com/california/story/2020-04-30/la-coronavirus-outbreak-terminal-island-prison-worsens

[2] https://apnews.com/fb43e3ebc447355a4f71e3563dbdca4f

3

For these reasons, counsel requests that the Court issue an order to ensure compliance with the provisions of 18 U.S.C. § 3582(d), and to facilitate counsel's evaluation of whether it would be appropriate to request further relief under 18 U.S.C. § 3582(c)(2). Specifically counsel requests that the Court order the government, after consultation with an individual in the Bureau of Prisons with knowledge of Mr. Cutting's condition, to:

1. File a status report by Saturday at noon indicating: (a) whether the BOP has complied with Section 3582(d)(2)(A)(i), which requires, in the case of a disease or condition with an end-of-life trajectory, that the BOP notify "the defendant's attorney . . . and family members of the defendant's condition," meaning "the state that someone is in"; and (b) whether the BOP has complied with Section 3582(d)(2)(A)(ii), which requires the BOP, not later than 7 days after the date of diagnosis, to provide the defendant's family members with an opportunity to visit--or at least speak on the phone--or whether Mr. Cutting's current condition precludes such contact.

2. Turn over to defense counsel as soon as possible, but no later than Monday at noon, medical records for the last 30 days, including any records available to the BOP from any facility where Mr. Cutting has been or is currently being treated during that time period, so that counsel can evaluate whether it would be appropriate to file an emergency request for relief under 18 U.S.C. § 3582(c)(2) or § 3582(d).

A proposed order with those requests is concurrently filed.

                                                    Respectfully submitted,

                                                    AMY M. KARLIN
                                                    Interim Federal Public Defender

DATED: May 1, 2020               By  */s/ Brianna Mircheff*
                                                    BRIANNA FULLER MIRCHEFF
                                                    Deputy Federal Public Defender

## DECLARATION OF BRIANNA MIRCHEFF

I, Brianna Mircheff, hereby state and declare as follows:

1. I am a Deputy Federal Public Defender in the Central District of California. My office was appointed to represent Scott Douglas Cutting in the above-entitled action.

2. On April 30, 2020, I spoke with Mr. Cutting's daughter, Tiffany. She told me that her family had had three communications in the past two days:

    a. Mr. Cutting's daughter, Tiffany, indicated that her brother received a call Wednesday, April 29th, 2020, from a BOP staff member who told him that their father was intubated.

    b. Later, her brother received a call from a doctor who told her brother that their father was dying and that he needed to sign a "DNR" right away. He refused to do so without more information about their father's condition.

    c. On Thursday, April 30th, a BOP staff member called Tiffany and said that her father was in the hospital and was "not doing well." The staff member said there wasn't anything more she could tell her.

    d. The family's attempts to get further updates from the BOP have not been fruitful.

3. On April 30, 2020, DFPD David Sutton emailed Eliezer Ben-Shmuel, attorney for the BOP, to ask for information regarding Mr. Cutting's condition. As of the filing of this application, Mr. Sutton had not received a response to his request.

4. On April 30, 2020, I reached out to AUSA Bryant Yang, regarding this situation and his position on this request. Mr. Yang agreed to attempt to facilitate communication with BOP legal staff. After consultation, he told me that BOP legal staff told him that Mr. Cutting tested positive for COVID-19 on April 14th. The government indicates that they were told by BOP legal staff that the test results are

"still pending" sixteen days later. "He is in isolation because he is showing symptoms of COVID-19."

5. I followed up with the information that Mr. Cutting's daughter told me, and indicated that I intended to file a request for a court order along the lines discussed above. As of this filing, Mr. Yang has not yet indicated a position on this request.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: May 1, 2020  By  /s/ Brianna Mircheff
　　　　　　　　　　　　　BRIANNA FULLER MIRCHEFF
　　　　　　　　　　　　　Deputy Federal Public Defender

6